UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TRESLEY T. HENDLEY, | Case No. 2:20-cv-01447-APG-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** and **REPORT AND RECOMMENDATION** |
| STATE OF NEVADA; BRITTANY HURLEY; CCDC BOOKING; SHANA BROWERS; STEVEN B. WOLFSON; FRANK LOGRIPPO, | RE: Complaint (ECF No. 1-1) |
| Defendants. | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also attached a Complaint to his *in forma pauperis* application. ECF No. 1-1; *see also* ECF Nos. 3, 4, 5, and 6 filed as amendments to Plaintiff's Complaint.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted an inmate application to proceed *in forma pauperis* showing an inability to prepay fees and costs or give security for them. ECF No. 1. Plaintiff properly attached to his application a copy of his inmate trust account statement for the last six months, a financial certificate signed by a prison official, and an affidavit attesting to the application's authenticity. Accordingly, the request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

**II.   SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, the court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter,

1

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. PLAINTIFF'S COMPLAINT

A. <u>Plaintiff's Allegations Against Brittany Hurley Fail To State A Claim</u>.

Plaintiff's allegations against Brittany Hurley are difficult to decipher, but appear to include claims based on the following facts: (1) that Ms. Hurley intended to enter false information into the National Crime Information Center ("NCIC"), and (2) that Ms. Hurley changed Plaintiff's Presentence Investigation Report ("PSI"), then gave the changed PSI to the judge impacting Plaintiff's sentence. ECF No. 1-1 at 4. Plaintiff sues Ms. Hurley in her individual and official capacity. *Id*. at 2. Plaintiff does not identify what relief he seeks.

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). "Persons" liable for damages under Section 1983 include state employees sued in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). States, their agencies, and

state employees sued in their *official* capacities are not proper defendants under Section 1983 and therefore cannot be sued under the statute. *Id.* at 25-6 (citing *Will v. Michigan State Police*, 491 U.S. 58, 62-71 (1989)). Where a plaintiff fails to identify the capacity in which the state actor is sued, the Ninth Circuit looks beyond the caption of the complaint to the "basis of the claims asserted and the nature of relief sought." *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990) (internal citations and quotations omitted); *see also Shoshone–Bannock Tribes v. Fish & Game Commission*, 42 F.3d 1278, 1284 (9th Cir. 1994) (erecting presumption that Plaintiffs sued state officials in their individual capacities as "any other construction would be illogical ...").

Plaintiff's claim against Ms. Hurley in her official capacity fails as a matter of law and should be dismissed with prejudice. Plaintiff's claim against Ms. Hurley in her individual capacity presently fails to state a claim because no relief is identified. However, Plaintiff's claim against Ms. Hurley in her individual capacity is not futile. To state a claim, Plaintiff must identify a right, privilege, or immunity secured by the Constitution or laws of the United States allegedly violated by Ms. Hurley and the relief Plaintiff seeks to right this alleged wrong.

B.  Clark County Detention Center Is Not A Legal Entity Under Section 1983.

Plaintiff claims that when he was released from Clark County Detention Center ("CCDC") someone (identified as "they") did not inform him that he had to return to court. ECF No. 1-1 at 5. Plaintiff does not identify what constitutional right was violated by this alleged conduct. This failure, while potentially dispositive, is not the basis of the Court's recommendation. Instead, the law is clear that a county jail is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of "persons" acting under color of state law. Municipalities are subject to suit under § 1983; however, CCDC is not. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). If Plaintiff wants to sue the county itself, he must challenge the actions, policies or customs of a local governmental unit. *See Nolan v. Snohomish County*, 802 P.2d 792, 796 (Wash. App. 1990); *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D. Wash. 2008) (the Seattle Police Department is not a legal entity capable of being sued under § 1983).

There is no viable claim stated against CCDC because CCDC is not subject to suit in a 42 U.S.C. § 1983 action. Therefore, the Court recommends dismissal of Plaintiff's Second Cause of Action.

C.     Public Defenders Do Not Act Under Color Of State Law.

Plaintiff alleges Public Defender Shana Brouwers failed to investigate facts pertaining to Plaintiff's criminal history, but does specifically state the constitutional basis for his claims. The Court interprets Plaintiff's Sixth Amendment claim as one based on ineffective assistance of counsel.

Counsel acting in the capacity of public defenders appointed by the Court do not act under color of state law and, therefore, are not properly sued under Section 1983. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981). Moreover, Plaintiff's ineffective assistance of counsel claim is not properly brought as a 1983 action, but must be stated as a habeas corpus petition under 28 U.S.C. 2254, which addresses "a person in custody pursuant to the judgment of a State court … on the grounds that he is in custody in violation of the Constitution or laws … of the United States." Specifically, Section 2254 is the mechanism for bringing an ineffective assistance of counsel claim. *Ruffa v. McDaniel*, Case No. 2:09-cv-02258-KJD-PAL, 2010 WL 4703609, *1, 4 (D. Nev. Nov. 10, 2010) ("The Antiterrorism and Effective Death Penalty Act . . . at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition . . . alleg[ing] that [petitioner's] conviction and/or sentence is unconstitutional based on the violation of his Sixth Amendment right to effective assistance of counsel.").

For these reasons, the Court recommends dismissal with prejudice of Plaintiff's Sixth Amendment claim against Shana Brouwers.

D.     The Clark County District Attorney and Assistant District Attorney Are Immune From Suit.

Plaintiff alleges that the Clark County District Attorney Steve Wolfson and Assistant District Attorney, Frank Lagrippa violated his rights because of alleged erroneous information in a PSI presented to the judge at the time of his sentencing. ECF No. 1-1 at 7. Even assuming the veracity of Plaintiff's allegations, when "'in initiating a prosecution and in presenting the State's case,' the prosecutor is immune from a civil suit for damages under § 1983." *Milstein v. Cooley*, 257 F.3d

1004, 1008 (9th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "[P]rosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions 'intimately associated with the judicial phase of the criminal process.'" *Bailey v. Clark Cnty. Dist. Attorney's Office*, Case No. 2:10-cv-01012-JCM-RJJ, 2010 WL 3724250, *2 (D. Nev. Sept. 16, 2010) (collecting cases). In other words, "[s]tate prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity." *Id*. (internal citations omitted). Further, "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (internal citation omitted). Absolute prosecutorial "immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein*, 257 F.3d at 1008.

Here, all of Plaintiff's claims against Wolfson and Logripp arise from actions in their official role as advocates for the State. Accordingly, the Court recommends dismissing District Attorney Steve Wolfson and Assistant District Attorney Frank Logripp from this action with prejudice as amendment would be futile.

**IV.   ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**V.   RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's First Cause of Action against Brittany Hurley be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Second, Third, and Fourth Claims be dismissed with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff shall be given **one** opportunity to amend his First Cause of Action to state a claim against Brittany Hurley.

IT IS FURTHER RECOMMENDED that Plaintiff shall have **30 days** from the date of this Order to file an amended complaint against Ms. Hurley that cures the defects in his current Complaint, which are explained above. If Plaintiff chooses to amend his Complaint, Plaintiff is informed that the Court cannot refer to his prior pleading (his original Complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes an original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in and of itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with the recommendations above, his case be dismissed with prejudice.

DATED this 30th day of November, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).