1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TRESLEY T. HENDLEY,

Plaintiff,

v.

STATE OF NEVADA; BRITTANY
HURLEY; CCDC BOOKING; SHANA
BROWERS; STEVEN B. WOLFSON;
FRANK LOGRIPPO,

Defendants.

Case No. 2:20-cv-01447-APG-EJY

**REPORT AND RECOMMENDATION**

**RE: Amended Complaint (ECF No. 15)**

11

12

13

14

15

16

17

Before the Court is Plaintiff's document titled "Amended Complaint" at ECF No. 15. The Court construes this filing as a motion seeking leave to file an amended complaint. *See id*. at 2 ("I would like to be given one opportunity to amend my first cause of action to state claims against the State of Nevada and all the defendants … ."). Plaintiff's filing identifies four potential defendants against whom he seeks to bring claims. These include Brittany Hurley, a state parole and probation employee, Assistant Public Defender Shana Browers ("Browers"), District Attorney Steve Wolfson ("Wolfson"), and Assistant District Attorney Frank Logrippo ("Logrippo"). *Id*.

18

**REPORT**

19

20

21

22

A motion for leave to file an amended complaint must include a copy of the proposed amended complaint as an exhibit. Local Rule 15-1(a). An amended complaint stands on its own. *Id*. The Court may not consider prior filings when determining whether a proposed amended complaint is sufficient. *Id*.

23

24

25

26

27

28

Plaintiff's instant filing does not include a proposed amended complaint as an exhibit. ECF No. 15. Moreover, even if the Court construes Plaintiff's instant filing as an attempt to amend, Plaintiff's attempt fails because Plaintiff does not include "a short and plain statement of the claim showing that … [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, Plaintiff's filing titled "Amended Complaint" is not an amended complaint as it fails to state a claim upon which relief may

1  be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive § 1915 review, a complaint must

2  "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

3  face.").

4       The Court also considers that in Plaintiff's instant filing he states an intent to file claims

5  against Browers, Wolfson, and Logrippo. However, after analysis of Plaintiff's original complaint

6  and the addendums thereto (ECF Nos. 1-1, 3, 4, 5, and 6), the Court found Plaintiff failed to state

7  claims against these same defendants.

8       As to Public Defender Browers, the Court stated:

9           Counsel acting in the capacity of public defenders appointed by the Court do not
            act under color of state law and, therefore, are not properly sued under Section
10          1983. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312,
            317–18 (1981). Moreover, Plaintiff's ineffective assistance of counsel claim is not
11          properly brought as a 1983 action, but must be stated as a habeas corpus petition
            under 28 U.S.C. 2254, which addresses "a person in custody pursuant to the
12          judgment of a State court … on the grounds that he is in custody in violation of the
            Constitution or laws … of the United States." Specifically, Section 2254 is the
13          mechanism for bringing an ineffective assistance of counsel claim. *Ruffa v.
            McDaniel*, Case No. 2:09-cv-02258-KJD-PAL, 2010 WL 4703609, *1, 4 (D. Nev.
14          Nov. 10, 2010) ("The Antiterrorism and Effective Death Penalty Act . . . at 28
            U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this
15          habeas petition . . . alleg[ing] that [petitioner's] conviction and/or sentence is
            unconstitutional based on the violation of his Sixth Amendment right to effective
16          assistance of counsel.").

17  ECF No. 8 at 4. As to the District Attorney and Assistant District Attorney, the Court stated:

18          "'[I]n initiating a prosecution and in presenting the State's case,' the prosecutor is
            immune from a civil suit for damages under § 1983." *Milstein v. Cooley*, 257 F.3d
19          1004, 1008 (9th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).
            "[P]rosecutorial immunity protects eligible government officials when they are
20          acting pursuant to their official role as advocate for the State performing functions
            'intimately associated with the judicial phase of the criminal process.'" *Bailey v.
21          Clark Cnty. Dist. Attorney's Office*, Case No. 2:10-cv-01012-JCM-RJJ, 2010 WL
            3724250, *2 (D. Nev. Sept. 16, 2010) (collecting cases). In other words, "[s]tate
22          prosecutors are entitled to absolute prosecutorial immunity for acts taken in their
            official capacity." *Id.* (internal citations omitted). Absolute prosecutorial
23          "immunity covers the knowing use of false testimony at trial, the suppression of
            exculpatory evidence, and malicious prosecution." *Milstein*, 257 F.3d at 1008.
24

25  *Id.* at 4-5.

26       Thereafter, the Court recommended dismissal with prejudice of Plaintiff's Second, Third,

27  and Fourth Claims for Relief, which recommendation was adopted on January 21, 2021. ECF No.

28  13. Based on the above, the Court believes allowing Plaintiff to amend his complaint to state claims

against Browers, Wolfson, and Logrippo would be futile.  For this reason, the Court recommends Plaintiff's request to amend to include claims against these proposed defendants be denied.

With respect to Plaintiff's request to file an amended complaint against Hurley, this request was granted on November 30, 2020.  ECF No. 8.  Since then Plaintiff has filed three proposed amended complaints naming Hurley as a defendant.  ECF Nos. 16, 17, and 19.  Thus, this request is moot.  The Court will screen the proposed amendments against Hurley in a separate order.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's document titled Amended Complaint, at ECF No. 15, be DENIED with prejudice for the following reasons.

1. Plaintiff seeks an order allowing him to file an amended complaint against Brittany Hurley.  This relief was granted in November 2020.  Since that time Plaintiff has filed three amended complaints naming Hurley.  As such the instant filing, to the extent is seeks permission to file an amended complaint against Hurley, is moot.

2. Plaintiff's filing otherwise seeks to file a complaint asserting claims upon which relief cannot be granted either because the claims must be brought in a habeas corpus petition[1] or Plaintiff seeks to sue individuals who are immune from suit under 42 USC § 1983.

DATED this 11th day of February, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1]    The Court ordered the Clerk's Office to forward Plaintiff instructions on how to file a habeas petition in ECF No. 22.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).