UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRESLEY T. HENDLEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.<br><br>Defendants. | Case No. 2:20-CV-01447-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  Plaintiff's Second, Third, and Fourth Amended Complaints<br>(ECF Nos. 16, 17, 19) |

Before the Court is *pro se* inmate Plaintiff Tresley T. Hendley's Second, Third, and Fourth Amended Complaints. ECF Nos. 16, 17, 19.

**I.     BACKGROUND**

On November 30, 2020, the Court granted Plaintiff's Application for Leave to Proceed *in forma pauperis*. ECF No. 8. The Court recommended that Plaintiff's official capacity claims against Defendant Brittany Hurley ("Hurley") be dismissed with prejudice and Plaintiff's individual capacity claims against Defendant Hurley be dismissed without prejudice and with leave to amend. *Id*. at 3. The Court also recommended that Plaintiff's remaining claims against Defendants Assistant Public Defender Shana Browers ("Browers"),[1] District Attorney Steve Wolfson, Assistant District Attorney Frank Logrippo, and Clark County Detention Center be dismissed with prejudice.[2] *Id*. at 3-5. The Court recommended Plaintiff be given "**one** opportunity to amend his First Cause of Action to state a claim against Brittany Hurley" within 30 days from the date of the Order. *Id*. at 5-6 (emphasis in original). Plaintiff then submitted a filing which the Court construed as a motion seeking leave to file an amended complaint (ECF No. 9), and additionally filed three objections to the Court's Report and Recommendation (ECF Nos. 10-12).

---

[1]   Plaintiff misspells Brower's name throughout his Amended Complaints. The Court uses the correct spelling of this Defendant's name throughout its Report and Recommendation.
[2]   Plaintiff names the State of Nevada as a defendant on the face of his complaints. ECF Nos. 16, 17, 19. However, Plaintiff does not expand on his allegations against the State of Nevada in the body of his complaints, and for that reason the Court will not recognize the State of Nevada as a defendant in this matter.

1

On January 8, 2021, Judge Gordon filed an Order accepting the Court's Report and Recommendation (ECF No. 8). ECF No. 13. The Order dismissed Plaintiff's claims against Defendant Hurley in her individual capacity without prejudice and allowed Plaintiff to file an amended complaint correcting the deficiencies identified in the Report and Recommendation. *Id*. at 2. Plaintiff then filed three amended complaints, which are presently before the Court. ECF Nos. 16, 17, 19.

Plaintiff's three amended complaints (*id*.) assert identical causes of action with slight differing language. Thus, the Court reviews Plaintiff's amended complaints collectively.

## II.   PLAINTIFF'S AMENDED COMPLAINTS

Plaintiff alleges Defendant Hurley "intended to enter false information into the National Crime Information Center" and altered Plaintiff's Presentence Investigation Report ("PSI").[3] ECF No. 19 at 2. Plaintiff asserts Defendant Hurley entered false information on two PSIs. *Id*. Plaintiff alleges one PSI reflects six prison terms and eight felonies; however, the second PSI allegedly reflects four prison terms and six felonies.[4] *Id*. Plaintiff claims he has only been to prison two times in the state of Texas. ECF No. 16 at 5; ECF No. 19 at 2. Plaintiff further claims Assistant Public Defender Shana Browers failed to correct the false information on the PSIs. ECF No. 19 at 2. Plaintiff alleges Shana Browers provided "ineffective assistance of counsel" because she had "180 days to modify the 2 PSIs [and] she never did." *Id*.

Plaintiff alleges the incorrect PSIs impacted his sentence. *Id*. at 3. First, Plaintiff claims he was issued a sentence of 12 to 32 months, but then the sentence was increased to 12 to 48 months when he came back from a mental health hospital. *Id*. Subsequently, Plaintiff alleges Defendant Browers advised him that if he did not take a plea deal, he would be issued a 16 to 72 month sentence. *Id*. Plaintiff also claims he did not make parole due to the false PSIs. *Id*. at 4.

Plaintiff brings a 42 U.S.C. § 1983 claim; however, the Court finds he is actually seeking habeas corpus relief for the reasons below. ECF Nos. 16, 17, 19. Plaintiff seeks monetary relief of

---

[3]   The Court has made typographical changes to the excerpts of Plaintiff's amended complaints for the sake of clarity.
[4]   There is an inconsistency in Plaintiff's claim regarding the second PSI. In two of Plaintiff's amended complaints (ECF Nos. 17, 19), Plaintiff states the second PSI reflects four prison terms and six felonies. However, one of Plaintiff's amended complaints (ECF No. 16) alleges the second PSI reflects four prison terms and eight felonies.

more than a million dollars (ECF No. 16 at 9; ECF No. 17 at 9), and to have his records sealed (ECF No. 17-1 at 2).

### III.   DISCUSSION

    A.    <u>Plaintiff's Claims Should be Dismissed with Prejudice Because He is Seeking Habeas Corpus Relief.</u>

All three of Plaintiff's amended complaints should be dismissed because he is seeking habeas corpus relief. ECF Nos. 16, 17, 19. Plaintiff claims Defendant Hurley purposely included false statements in the PSIs. ECF No. 19 at 2. However, Plaintiff fails to specifically state the constitutional basis for his claim. The Court interprets Plaintiffs § 1983 claim as one based on a violation of his due process rights. Because the Court finds the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's claim, it does not reach the question of whether Plaintiff has presented a constitutionally protected liberty interest in the accuracy of his PSI.

A prisoner cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). In *Heck*, the Supreme Court barred a Plaintiff from employing a § 1983 action to undermine a conviction or sentence when other legal means exist for attacking that conviction or sentence. *Heck*, 512 U.S. at 489. The Supreme Court explained:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87. Subsequent cases expanded the applicability of the *Heck* rule, noting:

> ... a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of conferment or its duration.

*Wilkinson*, 544 U.S. at 82.

1    Here, Plaintiff's claim against Defendant Brittany Hurley would necessarily imply the invalidity of his sentences, and therefore, Plaintiff's claim is *Heck*-barred. *Whitaker v. Garcetti*, 486 F.3d 572, 584 (9th Cir. 2007) (noting that the key question in determining whether the Heck bar applies "is whether a plaintiff's claim, if successful, would imply the invalidity of his conviction."). In other words, should Plaintiff's challenge to the PSI succeed, the validity of Plaintiff's sentence would be called into question. Success in Plaintiff's § 1983 action would rectify the errors in the PSI and would challenge the validity of the sentence. Therefore, the Court finds Plaintiff's claim against Defendant Hurley for allegedly inputting false statements in the two PSIs is barred by *Heck*. A habeas corpus action is the proper vehicle for attacking the validity of the fact of length of confinement. *Preiser*, 411 U.S. at 490; *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (barring a § 1983 action where an inmate, who had not yet pursued his claim through a writ of habeas corpus, sought damages because false information in prison file was used to deny parole).

Based on the above, it is recommended that Plaintiff's § 1983 claim against Hurley be dismissed with prejudice as amendment would be futile.[5] *Crabtree v. Wanker*, No. 319CV00755MMDCLB, 2020 WL 1644366, at *3 (D. Nev. Feb. 28, 2020), report and recommendation adopted, No. 319CV00755MMDCLB, 2020 WL 1638383 (D. Nev. Apr. 2, 2020) (dismissing § 1983 complaint challenging the constitutionality of his conviction with prejudice, as amendment would be futile, given that sole relief is a habeas corpus action).

B.   The Court Confirms That Plaintiff's Claim Against Shana Browers was Dismissed with Prejudice.

To the extent Plaintiff attempts to state an ineffective assistance of counsel claim against Defendant Browers, the claim is barred given Judge Gordon dismissed this claim with prejudice. ECF No. 13 at 2. Additionally, as for Plaintiff's desire for monetary settlement, this Court has no direct role in settlement negotiation at this point. ECF No. 17-1 at 2. Any discussion of settlement should be conducted between Plaintiff and the Public Defender.

---

[5] The Court has issued an Order providing Plaintiff direction on how to proceed with a habeas corpus claim. ECF No. 22.

4

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaints (ECF Nos. 16, 17, 19) be DISMISSED with prejudice, as amendment would be futile.

IT IS FURTHER RECOMMENDED that the Clerk of Court send Plaintiff a copy of instructions pertaining to filing a habeas corpus petition.

Dated this 22nd day of February, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).